NATHAN G. DOUGLAS and JAMES S. KISSANE, Appellants, v. DANIEL S. COONLEY and SOPHRONIA. C. SMITH, Respondents.

1. EASEMENT — RIGHT OF WAY THROUGH PARTY WALL — DESTRUCTION AND RESTORATION OF BOTH BUILDINGS. If a right of way through the party wall and the other building is appurtenant to one of two buildings united by a party wall, and both buildings are destroyed by fire, the easement thereby suspended is revived by the reconstruction of both buildings, including the party wall, by the united action of both owners within the period of the easement.

2. RIGHT OF WAY THROUGH PARTY WALL — DESTRUCTION AND RESTORATION OF BOTH BUILDINGS. Where access to the upper stories of two buildings having a party wall was by a stairway in one of the buildings, the right to use which had been acquired, as a necessary incident, by the owner of the other building, both having been purchased by the respective owners from a common grantor, and the owner of the building containing the stairway has executed to the owner of the other a deed granting to her, "her heirs and assigns," a right of way in the stairway to reach her upper rooms, the successor to the title of such grantee may, on both buildings being destroyed by fire, and being straightway rebuilt by the united action of both parties, with a party wall and stairway in the same place as before, compel the owner of the building containing the stairway to permit the replacing of a doorway in the party wall at the head of the stairway, for the purpose of access to the upper stories of the other building.

3. DEMURRER TO ANSWER. When new matter is set up by an answer and the answer is demurred to all the allegations of the complaint are to be taken as true, and the allegations of the complaint referred to in the answer are to be treated as incorporated in it; and if so read the answer

66

does not set up a defense to the cause of action alleged in the complaint a demurrer on that gound will prevail.

*Douglas* v. *Coonley*, 84 Hun, 158, reversed.

(Argued June 23, 1898; decided October 4, 1898.)

· Appeal from an order and a judgment of the late General Term of the Supreme Court in the third judicial department, entered February 27 and March 8, 1895, respectively, reversing a final judgment entered upon the decision and order of the court at Special Term, sustaining plaintiffs' demurrer to the defendants' answer.

· This action was brought to recover the use and occupation of a certain stairway in common with the defendants, and to restrain them from interfering with such use and occupation.

The facts, so far as material, are stated in the opinion.

*William P. Cantwell* for appellants. The defendants' appeal to the General Term did not bring up for review any question involved in the case. (Baylies New Tr. & App. 50; *Campbell* v. *N. Y. Cotton Exchange*, 15 J. & S. 558.) The right to use the stairway was merely suspended by fire, and was revived by rebuilding. (Washb. on Ease. & Serv. [4th ed.] 686; 3 Toullier Droit Civil Francais, 522; 2 Wait's Act. & Def. 661, 734; Code Napoleon, §§ 665, 685, 702, 704; art. 703, p. 193; arts. 704, 706, 707; 4 Douranton Cours De Droit Francais, 382; *Taylor* v. *Hampden*, 4 McCord [S. C.], 96; *Rogers* v. *Sinsheimer*, 50 N. Y. 646, 648.) The defendants have omitted in their answer to controvert any of the material allegations of the complaint. Such omission is equivalent to a formal admission of their truth, and the defendants' are not at liberty either to deny the existence of the facts constituting the cause of action, or to prove any state of facts inconsistent with such admissions. (*Fleischmann* v. *Stern*, 90 N. Y. 110; *Paige* v. *Willet*, 38 N. Y. 38; Code Civ. Pro. § 522; *West* v. *Am. Exchange Bank*, 44 Barb. 175; 32 Hun, 446; *Valentine* v. *Lunt*, 51 Hun, 544.) An easement acquired by deed cannot be lost by nonuser. (*Tyler* v. *Cooper*, 47 Hun, 94; *Welsh* v. *Taylor*, 50 Hun, 137; *Jewett*

v. *Jewett*, 16 Barb. 150.) An injunction in this case is the proper remedy. (*Phillips* v. *Bordman*, 4 Allen [Mass.], 147; *Raymond* v. *Traffarn*, 12 Abb. 52; *Connors* v. *Meir*, 2 E. D. Smith, 314; Baylies Tr. Pr. 4; *McKyring* v. *Bull*, 16 N. Y. 297; *Drake* v. *Cockroft*, 10 How. Pr. 377; 1 Abb. 203; 4 E. D. Smith, 34; *Quin* v. *Lloyd*, 41 N. Y. 349; *Long* v. *Mayor, etc.*, 81 N. Y. 425–427; *Cragin* v. *Lowell*, 88 N. Y. 258; *Sinclair* v. *Fitch*, 3 E. D. Smith, 677; *Ayers* v. *Covill*, 18 Barb. 260; Rumsey's Practice, 257.)

*Walter J. Mears* for respondents. Plaintiffs' easement was destroyed by the fire. (*White* v. *M. R. Co.*, 139 N. Y. 19–26; *Sherred* v. *Cisco*, 4 Sandf. 485; *Partridge* v. *Lyon*, 50 N. Y. S. R. 752; *Taylor* v. *Hampton*, 4 McCord. [S. C.], 61; *Cartwright* v. *Maplesden*, 53 N. Y. 622; 6 Am. & Eng. Ency. of Law, 147; *Heartt* v. *Kruger*, 121 N. Y. 386–392; 25 N. Y. S. R. 686; *Patson* v. *Ingram*, 22 S. C. 54; *Welsh* v. *Taylor*, 134 N. Y. 459; *Rogers* v. *Sinsheïmer*, 50 N. Y. 646; *Partridge* v. *Gilbert*, 15 N. Y. 601; *De Baun* v. *Moore*, 22 App. Div. 487; *Ins. Co.* v. *Milnor*, 7 Barb. Ch. 362; Wait's Act. & Def. 2, 736; *Cole* v. *Hughes*, 54 N. Y. 444; *Scott* v. *McMillan*, 76 N. Y. 141.) The demurrer was to the entire answer and should be overruled if either of the grounds of defense was well pleaded. (*Haight* v. *Brisbin*, 36 Hun, 579.) Where one material allegation is put in issue, and remains to be established, though nothing else in the complaint be denied, the answer is good, and the plaintiff will be put to his proof. (Van Santvoord's Pleadings [2d ed.], 534; *Genesee Mut. Ins. Co.* v. *Moynihen*, 5 How. Pr. 321.)

Parker, Ch. J. By his will Henry B. Smith conferred upon executors named therein the power to sell and convey his real estate. It consisted in part of a three-story building that had three stores on the ground floor. The executors conveyed the middle store to Margaret A. Cantwell, and the store next adjoining it on the west to this defendant Coonley and one John Hughes, and Hughes' title has since been acquired

by the defendant Sophronia C. Smith. Between the said middle and west stores was a wall that the conveyance made a party wall, and from the street to the upper rooms of the building, immediately adjoining this party wall on the west side, there was a stairway that was used by the occupants of both buildings, it being the only mode of access between the upper and lower floors of either building. After Coonley and Hughes had become the owners of the west store they undertook to confirm the alleged right of Margaret A. Cantwell to use this stairway in common with themselves as a means of ingress and egress to and from the two floors above her store, and to that end executed a deed of conveyance, by which, as the complaint recites, was " granted, sold and conveyed to the said Margaret A. Cantwell, her heirs and assigns, the right of way to pass and repass up and down the passageway or stairway between the store owned by Margaret A. Cantwell and of the parties of the first part hereto at all times, in common with the parties of the first part hereto, for the purpose of going and returning to and from the rooms in the upper part of said stores. The party of the second part to pay one-half of the expense of keeping the stairway in repair." Subsequently these plaintiffs succeeded to the title of Margaret A. Cantwell in and to the middle store, and thereafter and on the 11th day of January, 1893, the entire building was destroyed by fire. The parties at once reconstructed the buildings on the same foundation as before, and united in the construction between the two stores of a party wall similar to the one formerly existing, except as to the doorway leading from the head of the stairway to the second floor of the plaintiffs' building. The plaintiffs put in a frame for such doorway when the wall was being constructed, but afterwards defendants tore the frame out and built that portion of the wall up solid, thus preventing the plaintiffs from obtaining access to their premises by means of the stairway. The defendants, though frequently requested, refused to permit the plaintiffs to enjoy the stairway in common with them.

It is conceded that prior to the destruction of the building

by fire, the plaintiffs had a legal right to use as they did this stairway and the doorway in the party wall as well, in com-mon with the defendants. But it is contended that the effect of the destruction of the building by fire was to destroy this easement.

The diligence of counsel has not succeeded in bringing to light a similar case in this country, nor have we been more fortunate. The Appellate Division regarded the case as con-trolled by *Heartt* v. *Kruger* (121 N. Y. 386). That case is certainly authority for the proposition that these plaintiffs had no right to insist upon a reconstruction of the party wall or of the stairway. The buildings having been destroyed without fault on the part of the defendants, it was their right there-after to make such use of the land as should seem to them most conducive to their interests; they could not by their own act affect the plaintiffs' easement, but an outside force beyond the defendants' control having destroyed the buildings and the major part of the party wall, it was within their power thereafter to so use the land that the plaintiffs' easements should not be revived. Had they done so, a situation would have been presented within the doctrine of *Heartt* v. *Kruger* (*supra*). But this they did not do. Instead, they united with the plaintiffs in constructing a party wall and rebuilt the stair-way in precisely the same place as before, and thus within a comparatively short period of time the buildings, so far at least as the stairway and party wall are concerned, were exactly the same as if the fire had never taken place. And the ques-tion is, did this conduct of the parties operate to revive the easement that was suspended by the destruction of the prop-erty? If such be the effect of this action, the result is certainly equitable and in accordance with good conscience. The plain-tiffs' predecessor in title in purchasing the middle store, acquired the right to use the stairway and the doorway through the party wall as a necessary incident to her enjoyment of the second and third stories of her building. Apparently, for the purpose of further assuring her right to use the stairway and the doorway as well, a grant of such right, presumably

upon a good and sufficient consideration, was made to her by these defendants. The grant was not intended to be a temporary matter, or one purely for her personal convenience, for it ran to her, her heirs and assigns.

Why should she or her assigns be deprived of it now, inasmuch as the situation of the property is precisely the same as it was then? No good reason has been suggested by counsel for relieving the defendants from the easement which they undertook to confirm, if not create. The law afforded them an opportunity for the destruction of the suspended easement by an entirely different method of construction, and the reason of the law is that in case of the destruction of an easement by the act of God, then a party ought to be at liberty to make the best possible use of his property and should not be burdened with the necessity of a reconstruction along the same lines. Presumably these defendants found that a reconstruction of the building upon the old plan was the best possible use to which they could put the land, and now that such reconstruction is accomplished they insist that the other parties shall not enjoy the easement. The plaintiffs need not have united with the defendants in the construction of the party wall, but did so with the expectation undoubtedly of enjoying the right supposed to be secured to° them of access to the upper stories of the building. It certainly seems but just under all the circumstances that these expectations should be realized, and, hence, it becomes the duty of a court of equity to work out that result provided it can be done within established equitable principles.

Mr. Washburn, in his work on the Law of Easements and Servitudes, says at page 568 (686, 3d ed.): "It may be observed as a well-settled rule of the civil law, which would doubtless be regarded as a part of the common law, that if a house, a wall, a water spout, or anything of that kind with which or by which a servitude exists or is enjoyed, is destroyed, and the same is afterwards, within the period of prescription, reconstructed or restored, whatever may have been the servitudes connected therewith, they are, by such restoration, revived."

Courts of equity have frequently borrowed from the civil law certain of its rules and advantageously engrafted them upon our system of jurisprudence, and indeed the father of equity jurisprudence in this state, Chancellor Kent, made special use of it in the party wall case of *Campbell* v. *Mesier* (4 Johns. Chancery, 333), and by way of introduction to its consideration he said : " The rules and doctrines of the French law may be referred to by way of illustration and to show the prevailing equity and justice of the rule of contribution in respect to party walls."

From 3 Toullier Droit Civil Francais, 522, the following is taken : " § 684. Servitudes cease when the things are found in such condition that one can no longer use them. As if a dominant and a servient estate are destroyed. If they are submerged. If the house which holds the servitude and that to which it is due, are burned or demolished   *   *   *."
" § 685. But the servitudes revive if the things are re-established in such a manner that one can use them, unless there has already elapsed a space of time sufficient to make a presumption of the extinction of the servitude. Thus where there is reconstruction of a mesne wall or a demolished or burned house, the servitudes, active and passive, continue in relation to the new wall without the power of their being increased, and provided that the reconstruction is made before the prescription is acquired."

Mr. Wait, in his Actions and Defenses (Vol. 2, page 680), under the head of " Easements for Special Purposes," asserts the doctrine that an easement is only suspended when the property is destroyed, and that it is revived when the estate is so restored that the servitudes are again of value to the dominant estate. That author asserts the same doctrine under the head of " Unity of the two Estates," at page 734. After stating the rule that the effect of the unity of the title of both the dominant and servient estates in one person is to extinguish the easement, he says : " The same is true to a limited extent when the possession only is united in one person. Thus, where the owner of the dominant tenement is also the

lessee of the servient estate, the easement will be suspended. But when the relation between the two estates terminates by the expiration of the lease or other lesser estate, the right is revived with the separation of possession."

This rule, well founded in reason, is applicable to this case, and, therefore, it becomes the duty of the court to hold that the effect of the reconstruction of the buildings, including the party wall and the stairway as they were before, operated to revive the easement that had been for a time suspended by the destruction of the former buildings by fire.

The judgment under review was entered upon an order sustaining a demurrer to the defendants' answer, and their counsel now urges that the demurrer should have been overruled if either of the actions or defenses were well pleaded, and, also, if one material allegation in the complaint was put in issue; if nothing else therein was denied or answered, the plaintiff must be put to his proof. True; but the counsel omitted to call the attention of the court to the material allegation in the complaint put in issue by the answer, and we are unable to find it.

New matter is set up in the answer, and in such case all the allegations of the complaint and the answer are to be taken as true.

For the purpose of the demurrer the allegations of the complaint referred to in the answer are to be treated as incorporated in it. (*Cragin* v. *Lovell*, 88 N. Y. 258.) And thus reading the answer, it does not set up a defense to the cause of action alleged in the complaint.

The judgment and order appealed from should be reversed and the judgment of the Special Term affirmed, with costs.

All concur, except GRAY and BARTLETT, JJ., dissenting, and HAIGHT, J., absent.

Judgment and order reversed, etc.