(56 Misc. Rep. 527.)

## SINKOVITZ v. APPLEBAUM et al.

(Supreme Court, Appellate Term. November 29, 1907.)

FRAUDS, STATUTE OF—DEBT OF ANOTHER—ORIGINAL PROMISE—NEW ·CONSIDERATION.

Where a subcontractor threatened to abandon work for nonpayment of money due, and the owner told him to go ahead and he would pay him when he finished the job, the promise was not void within the statute of frauds, as a verbal promise to answer for the debt of another, but was an original promise founded upon a new consideration, which inured to the owner's benefit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 50–58.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Isidor Sinkovitz against Isaac Applebaum and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

M. Harold Hochdorf, for appellant.
Marx & Freyer, for respondents.

LEVENTRITT, J. The dismissal of the complaint under a plea of the statute of frauds was error. The evidence adduced shows that the plaintiff's claim was founded on an original promise. The plaintiff was a subcontractor under one Musnitsky, who had been employed by the defendant to make certain alterations and repairs to premises owned by him. Owing to the nonreceipt in full of an earned installment, the plaintiff concluded to abandon the work. Being informed of the situation, the defendant sought the plaintiff and said to him:

"Go ahead with your work, and I will pay you as soon as you finish the job."

Relying on that assurance, the plaintiff resumed and completed the work, and upon the defendants' failure to pay he brought this action to recover the agreed amount. After proving the completion of the work and presenting the evidence of three witnesses that the defendant promised under the circumstances detailed to pay upon such completion, the plaintiff rested his case. Thereupon the defendant moved a dismissal of the complaint on the ground that the "contract alleged to have been made between the defendant Applebaum and this plaintiff, if made at all, is void under the statute of frauds and based upon no consideration whatever." The granting of that motion furnishes the basis of this appeal, and calls for a reversal of the judgment entered thereon.

The learned trial justice concluded that the promise made by the defendant was to answer for the debt of Musnitsky, and was void because not reduced to a writing signed by the defendant. That was a mistaken conclusion. The defendant, the promisor, was the owner of the property undergoing repairs. The labor and materials furnished by the plaintiff tended to improve and enhance the value of that property. The contractor had neglected to pay an agreed installment, and the plaintiff was then within his rights in refusing to proceed further with the work. The promise inducing the resumption and completion of the work, made under such circumstances, was original, not collateral. It was founded upon a new consideration, the prompt and uninterrupted prosecution of the work, which inured to the benefit of the defendant. That benefit formed the consideration. The debt became that of the defendant. His promise was not to pay Musnitsky's debt, but his own. The contract was new and independent. As such, though oral, it was valid and enforceable. The rule controlling the disposition of this case is stated by Finch, J., in White v. Rintoul, 108 N. Y. 222–227, 15 N. E. 320, in this language:

"Where the primary debt subsists and was antecedently contracted, the promise to pay it is original, when it is founded on a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor."

The relation of the parties to the obligation here sought to be enforced is analogous to that which existed between the litigants in numerous cases which have engaged the attention of the courts, and the uniform conclusion has been that the promise does not fall within the statute, and is valid and effectual without a writing. Snell v. Rogers, 70 Hun, 462, 24 N. Y. Supp. 379; Almond v. Hart, 46 App. Div. 431, 61 N. Y. Supp. 849; Mannetti v. Doege, 48 App. Div. 567, 62 N. Y. Supp. 918; Reisler v. Silbermintz, 99 App. Div. 131, 90 N. Y. Supp. 967; Schild v. Monroe, Eckstein Brewing Co., 108 App. Div. 50, 95 N. Y. Supp. 493; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.