### BERG v. BATES et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. PLEADING (§ 193*)—DEMURRER—GROUNDS—MISJOINDER OF CAUSES.

   Where a complaint, in an action by a trustee in bankruptcy for a first cause of action, alleged a transfer of the bankrupt's property in fraud of his creditors with the advice and aid of defendants, in furtherance of a conspiracy between defendants and their agent, and sought to recover the value of the goods so transferred, and by a second cause of action sought to recover the part of the proceeds of such sale coming into de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fen'dants' possession upon the ground that it constituted an unlawful preference, objections that the two causes of action did not arise out of the same transaction, nor out of transactions connected with the same subject, and that they were inconsistent, were apparent on the face of the complaint, and hence under the express provisions of Code Civ. Proc. § 488, should have been taken by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

2. PLEADING (§ 406*)—WAIVER OF OBJECTIONS TO COMPLAINT—MISJOINDER OF CAUSES.

Under Code Civ. Proc. § 488, providing that defendant may demur to the complaint where the objection, among others, that causes of action have been improperly united appears on the face thereof, section 498, providing that, when any of the matters enumerated in section 488 do not appear on the face of the complaint, the objection may be taken by answer, and section 499, providing that if such an objection is not taken, either by demurrer or answer, it is waived, except an objection to the jurisdiction of the court, or that the complaint does not state facts sufficient to constitute a cause of action, an objection that causes of action are improperly united when apparent on the face of the complaint is waived by a failure to demur, and cannot be taken by answer.

. [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. § 406.*]

3. JUDGMENT (§ 631*)—JOINT AND SEVERAL LIABILITY—EFFECT OF SATISFACTION BY ONE.

While joint tort-feasors are liable jointly and severally, if they are sued separately there can be but one satisfaction, and hence a demurrer to a defense by one joint tort-feasor alleging the recovery of judgment for the same cause against the other tort-feasor and a satisfaction thereof was improperly sustained.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1064, 1088, 1147; Dec. Dig. § 631.*]

4. JUDGMENT (§ 949*)—PLEADING—DEFENSES—RECOVERY AGAINST ONE OF TWO JOINT TORT-FEASORS.

A complaint sought a recovery of the value of a stock of goods transferred with the advice and aid of defendants in fraud of the transferror's creditors, in furtherance of a conspiracy between the transferror and defendants' agent. A defense, without denying any of the allegations of the complaint, alleged the recovery of a judgment against the agent "on the facts alleged in said cause of action," and a satisfaction thereof. *Held*, that the defense in connection with the allegations of the complaint which were admitted by failure to deny sufficiently showed that the recovery against the agent was on the same cause of action as that alleged against defendants.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1794, 1795–1803; Dec. Dig. § 949.*]

5. PLEADING (§ 214*)—DEMURRER—ADMISSIONS BY DEMURRER.

On demurrer to a separate defense, the allegations of the complaint to which it is pleaded as well as the allegations of the defense itself are to be taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

6. TORTS (§ 26*)—JOINT AND SEVERAL LIABILITY.

Allegations that a debtor transferred his property in fraud of his creditors with the advice and aid of defendants, in furtherance of a conspiracy between him and defendants' agent, and in the presence and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the assistance of the agent, showed a joint and several liability by defendants and the agent.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 33; Dec. Dig. § 26.*]

7. JUDGMENT (§ 631*)—JOINT AND SEVERAL LIABILITY—EFFECT OF SATISFACTION BY ONE.

A trustee in bankruptcy, who recovered judgment in an action against an agent of a creditor of the bankrupt to recover the value of a stock of goods transferred by the bankrupt, in furtherance of a conspiracy between him and the agent, with the advice and aid of the creditor, which judgment has been satisfied, cannot recover from the creditor the proceeds of the sale received by such creditor on the theory that they thereby received an unlawful preference, since satisfaction of the joint liability by the agent constituted satisfaction of the creditor's liability, and the creditor could not be held liable both for the value of the goods fraudulently transferred and the part of the proceeds received by them.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1064, 1088, 1147; Dec. Dig. § 631.*]

8. PLEADING (§ 96*)—DEFENSES—MATTERS CONSTITUTING DEFENSE.

A defense alleging that the facts and matters stated in the second cause of action are the same as those stated in the first cause of action, and that the amount sought to be recovered in both causes of action is the same, is insufficient, since it contains no denial of any material allegation of either cause of action, and sets up no new matter.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 195; Dec. Dig. § 96.*]

9. JUDGMENT (§ 631*)—ACTIONS FOR TORT—RECOVERY AGAINST JOINT TORT-FEASOR.

In an action against one of two joint tort-feasors, the recovery and satisfaction of judgment against the other tort-feasor is a proper set-off.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1064, 1088, 1147; Dec. Dig. § 631.*]

10. PLEADING (§ 92*)—SET-OFF—EFFECT OF PLEADING IN BAR.

A defendant is not deprived of his right to plead a proper set-off merely because he pleads the same facts in bar of the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 188; Dec. Dig. § 92.*]

Appeal from Special Term, New York County.

Action by Max Berg, as trustee in bankruptcy of Wolf Sayetta, against Jerome E. Bates and another. From an interlocutory judgment sustaining a demurrer to various defenses, defendants appeal. Affirmed in part and reversed in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph H. Kohan, of New York City, for appellants.

Robert H. Ernest, of New York City (Raymond B. Stringham, of New York City, on the brief), for respondent.

LAUGHLIN, J. The trustee in bankruptcy of Wolf Sayetta alleges in separate counts two causes of action against the defendants, who were creditors of the bankrupt. The first is to recover the value of a stock of goods, which it is alleged the bankrupt, in furtherance of a conspiracy formed between him and one Taylor, who was acting as the agent of and representing the defendants, transferred with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the advice and aid of defendants and in the presence and with the assistance of said Taylor, in fraud of his creditors; and the second is for that part of the proceeds of the sale of the goods, which came into the possession of the defendants within four months of the bankruptcy, upon the ground that it constituted an unlawful preference under the Bankruptcy Act (Act of July 1, 1898, c. 541, 30 Stat. 544, 545 [U. S. Comp. St. 1901, p. 3418]), in that the defendants knew that the bankrupt was then insolvent, and fraudulently intended to give them a preference, and did prefer them. In the first count it is further alleged that the value of the goods was $5,500, that the bankrupt's indebtedness to the defendants was the sum of $513.21, and that they received that amount from the proceeds of the sale of the goods, and through their said agent distributed the balance among some of the creditors of the bankrupt in part payment of their claims, and have refused, after due demand, to pay to the plaintiff the amount so received. The plaintiff demands judgment, under the first count, for the value of the stock of goods, and under the second count for the amount received by the defendants.

[1, 2] The amended answer put in issue most of the material allegations of the complaint, and pleaded as a first defense that the second cause of action did not arise out of the same transaction as the first; nor out of a transaction connected with the same subject, and that the first cause of action is not consistent with the second, and that, therefore, causes of action have been improperly united. It is not necessary to consider the merits of that objection, for the basis for the objection, if any, appears on the face of the complaint, and the defendants might have demurred on the ground that causes of action have been improperly united therein (Code of Civil Procedure, § 488), and by not demurring on that ground they waived it, for they could only take it by answer where the defect did not appear on the face of the complaint (Code of Civil Procedure, §§ 498, 499). The case of Seamans v. Barenstein, 180 N. Y. 333, 73 N. E. 42, 105 Am. St. Rep. 759, merely holds, as is expressly provided in section 449 of the Code of Civil Procedure, that, where the objection goes to the sufficiency of the cause of action, it is not waived, even though it be not taken by demurrer or answer. The demurrer to that defense was properly sustained.

[3] It is alleged as a defense to the first cause of action that the defendants and said Taylor were jointly and severally liable on that cause of action, and that the plaintiff, as trustee in bankruptcy of said Sayetta, brought an action in the Municipal Court of the city of New York, borough of Brooklyn, Fifth district, against said Taylor, and demanded judgment against him on the facts alleged in said first cause of action, and duly recovered judgment therein for the sum of $73.90, which was paid and duly satisfied of record by said Taylor, and that thereby the defendants have been discharged and released from liability on that cause of action. We are of opinion that the court erred in sustaining the demurrer to this defense, which was on the ground of insufficiency. It is well settled that, while joint tort-feasors are liable jointly and severally, if sued separately, there can be but

one satisfaction. Woods v. Pangburn, 75 N. Y. 495; Barrett v. Third Avenue R. R. Co., 45 N. Y. 628; Gross v. Pa., etc., Co., 65 Hun, 191, 20 N. Y. Supp. 28.

[4, 5] The learned counsel for the respondent contends in this behalf that it is not sufficiently alleged that the recovery was on the same cause of action. This defense contains no denial of any of the allegations of the complaint, and it expressly refers to the facts alleged in the complaint as thus admitted to show that the causes of action were the same, which is sufficient without realleging them; and on demurrer to a separate defense the allegations of the complaint to which the defense is pleaded as well as the allegations of the defense are to be taken as true. Schattman v. Maze Realty Co., 150 App. Div. 559, 135 N. Y. Supp. 47, 31 Cyc. 215, and Douglas v. Coonley, 156 N. Y. 521–528, 51 N. E. 283, 66 Am. St. Rep. 580.

[6] It is quite true that the bare allegations that the defendants and Taylor were jointly and severally liable is not a statement of fact; but on examining the first count of the complaint it clearly appears that Taylor was the actor in the matter, and therefore his liability would be coextensive with that of the defendants. The amount of the recovery against Taylor is quite immaterial. Of course, Taylor would not be liable for the failure of the defendants to pay over to the plaintiff the amount they received from the proceeds of the sale of the goods, but he was jointly and severally liable with them to the plaintiff for the value of the goods, and the first cause of action was evidently framed to recover that amount.

[7] The defendants reallege these facts by reference as a defense to the second cause of action. In the second count of the complaint many of the facts alleged in the first count are realleged by reference. It is thus alleged that Taylor was the agent of the defendants at the time, but it is not alleged by reference or otherwise that he conspired with Sayetta, or otherwise participated in the disposition of the stock of goods. It is merely alleged that Sayetta disposed of the goods with intent to defraud his creditors, with the knowledge and consent of the defendants, and out of the proceeds of the sale Taylor received the sum of $1,300, and within four months prior to the adjudication in bankruptcy paid over $513.21 of the amount to the defendants in settlement of their claim against the bankrupt, who was known to the defendants to be insolvent, and that defendants received the money knowing that it was intended thereby to prefer them over other creditors, in that they knowingly received a greater proportion of their claim than the proportion received by other creditors, and that the return of the money has been demanded and refused. These allegations do not establish that the recovery of the judgment against Taylor was on the same cause of action, as that alleged in the second count of the complaint, for they utterly fail to show the basis of the recovery against him; but the defense now under consideration does reallege by reference the fact that the recovery against Taylor was had upon the ground that he conspired with and assisted the bankrupt in so disposing of the stock of goods, and in so doing was acting as the agent of the defendants. The trustee

in bankruptcy may have had an election whether to sue the joint feasors jointly or severally, or whether he would hold the defendants for the amount they received being part of the proceeds of the fraudulent sale as an unlawful preference, but he could not recover on both theories. Having had a satisfaction as to one of these jointly liable, it is the same as if he had had satisfaction against all or against the defendants. If he had elected to hold the defendants as he did Taylor for the value of the goods, he could not thereafter recover such value, viz., the proceeds of the sale of the goods if received by them on the theory that they thereby received an unlawful preference. In legal effect that is the situation here. It is precisely the same as if plaintiff had recovered the sum of $513.21 of the defendants on account of their having fraudulently conspired with the bankrupt to dispose of his goods in fraud of his creditors, for the amount sought to be recovered by the second count is alleged to be that part of the fruit of the conspiracy which came to them. It is the plaintiff's misfortune if he failed to prove or recover the full value of the goods in his action against Taylor.

[8] The defendants pleaded as a further defense to the second cause of action that the "facts and matters stated in the second cause of action are the same facts and matters stated in the first cause of action," and that the plaintiff seeks to recover, in the first cause of action, the amount specified in the second cause of action. These averments constitute no defense. There is no denial of any material allegation of either cause of action alleged in the complaint, and no new matter is set up. The demurrer thereto was therefore properly sustained.

[9, 10] The defendants then pleaded as a set-off to the complaint the facts alleged as a defense to the first cause of action, namely, the recovery and satisfaction of the judgment against Taylor. I see no legal objection to pleading the facts thus pleaded as a defense, which we regard as a complete defense to both causes of action, as a set-off to both causes of action, but, of course, that was unnecessary, for pleading the facts in bar was more effective than interposing the judgment as a set-off, which limits its use to reducing a recovery. If, however, the defendants had not seen fit to plead a judgment in bar which was available as a complete defense, they were at liberty to use it as a set-off (Knapp v. Roche, 94 N. Y. 329), and they are not deprived of pleading it as a set-off merely because they pleaded it in bar.

It follows that the interlocutory judgment should, in so far as it sustains the demurrer to the defense to the first and second causes of action and to the set-off, be reversed and the demurrer overruled, with leave to plaintiff to withdraw the demurrer on payment of costs of the demurrer and of the appeal, and in all other respects it should be affirmed, without costs. All concur.