(82 Misc. Rep. 436.)

## KLEINMAN v. AUERBACH.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. Frauds, Statute of (§ 33*)—Answering for Another's Debt—Independent Promise.

It appeared that defendant was a mortgagee of the premises on which plaintiff worked and was interested in the construction of the building, and that such work enhanced the value of the premises. Plaintiff, who contracted with the owner to construct the building, refused to continue after certain payments were in arrears, whereupon defendant promised that, if plaintiff would resume and complete the work without filing a mechanic's lien, he would pay plaintiff the money due, and plaintiff, relying on such promise, completed the work. Held, that defendant's promise to plaintiff was not within the statute of frauds, as being one to answer for another's debt; an independent consideration having moved to de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant by the completion of the work by reason of his interests in the premises.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. § 33.*]

2. CONTRACTS (§ 333*)—ACTIONS—ALLEGATIONS OF COMPLAINT—PROMISE.

An allegation of a complaint, in an action on defendant's agreement to pay plaintiff the amount due him from the owner for constructing a building, after plaintiff had refused to continue the work on the owner's default in payments, that thereupon defendant promised that if plaintiff would resume the work and complete it without filing a lien he would pay the money due to plaintiff, sufficiently alleged that defendant promised plaintiff to pay him.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1196, 1640–1657, 1659; Dec. Dig. § 333.*]

Appeal from City Court of New York, Trial Term.

Action by Isidor Kleinman against Mayer S. Auerbach. From a judgment for defendant, plaintiff appeals. Reversed, and demurrer to answer sustained.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Nathaniel Choloney, of New York City, for appellant.

Hays, Hershfield & Wolf, of New York City (Ralph Wolf and Beno B. Gattell, both of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sues for work done in constructing a building. He alleges that defendant and an associate were mortgagees under both a first mortgage and a second mortgage or building loan; furthermore "that defendant * * * was interested in the performance and progress of the work, * * * as said work tended to and did enhance the value of said premises," etc. Plaintiff, having made an agreement with the owner to do the construction work, declined to go on when certain payments became in arrears. Thereupon defendant promised that if plaintiff would resume the work and complete it, and abstain from filing a mechanic's lien, he would pay plaintiff the moneys due, at the same time saying that he had enough money on hand out of the new building loan to pay the amount which he promised. Plaintiff, relying on this promise, resumed the work, finished it, and abstained from filing a mechanic's lien.

[1] The defense demurred to is that defendant's promise was one to answer for the debt, default, or miscarriage of another, was not in writing, and was, therefore, void under the statute of frauds. I think that the decision in Mechanics' Bank v. Stettheimer, 116 App. Div. 198, 101 N. Y. Supp. 513, is decisive of this case. The promise in the case at bar is an original promise, as described in the third category laid down by Mr. Justice Ingraham in the Mechanics' Bank Case, at page 202 of 116 App. Div., page 516 of 101 N. Y. Supp.:

"Where, although the debt remains, the promise is founded on a new consideration *which moves to the promisor.*"

Defendant's interest in the premises, as set forth, is sufficient warrant for holding that a benefit moved to him by the completion of the

work. See Davis v. Patrick, 141 U. S. 479, 12 Sup. Ct. 58, 35 L. Ed. 826. This point is emphasized by the distinction drawn in Mallory v. Gillett, 21 N. Y. 412, where the promisor had no such interest. See, also, Bruce v. Burr, 67 N. Y. 240; Cardell v. McNiel, 21 N. Y. 336; Milks v. Rich, 80 N. Y. 269, 36 Am. Rep. 615; Brookline National Bank v. Moers, 19 App. Div. 155, 45 N. Y. Supp. 997; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516; Almond v. Hart, 46 App. Div. 431, 61 N. Y. Supp. 849; Schild v. Eckstein Brewing Co., 108 App. Div. 50, 95 N. Y. Supp. 493; Breen v. Isaacs, 49 Misc. Rep. 127, 96 N. Y. Supp. 741.

[2] Respondent makes a claim that the complaint is not good, because it is not alleged that the defendant promised to the plaintiff to pay him. I think, however, that the allegations of the complaint sufficiently show an agreement made between plaintiff and defendant, and plaintiff's performance thereof.

Judgment reversed, with $10 costs and disbursements, and demurrer of plaintiff sustained, with $10 costs, with leave to defendant to serve an amended answer within six days after service of a copy of the order entered herewith, with notice of entry of the same in the City Court, upon payment of costs in this court and in the court below. All concur.