(85 Misc. Rep. 409)

### COOPER & POLAK STRUCTURAL IRON WORKS v. ROSING et al.

(Supreme Court, Appellate Term, First Department.   May 7, 1914.)

FRAUDS, STATUTE OF (§ 33*)—ORIGINAL PROMISE—NEW CONSIDERATION.

A parol promise by the owner and lessees to pay a subcontractor the full contract price if he would complete the work, made after his refusal to continue, is an original promise founded on a new consideration, and is not within the statute of frauds, and the subcontractor, completing the work, may recover on the promise.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. § 33.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Cooper & Polak Structural Iron Works against David Rosing and others. From a judgment of dismissal, rendered after plaintiff rested, it appeals. Reversed, and new trial ordered.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Horace London, of New York City, for appellant.

Marks & Marks, of New York City (Franklin Bien, of New York City, of counsel), for respondents.

WHITAKER, J. Defendant David Rosing was the owner of certain premises in New York City. Defendants Diamond and McKibbin were lessees of the premises. One Tuchman had a contract with defendants Diamond and McKibbin to do certain structural work on said premises. Tuchman entered into a contract with the plaintiff as subcontractor to do certain iron work for the sum of $900. Pursuant to that contract, plaintiff delivered $500 worth of iron beams, and, claiming that it had not been paid therefor, refused to continue its contract. Whereupon plaintiff alleges that the defendants made a verbal contract with the plaintiff that, if it continued and completed the work, the defendants would pay it the full contract price of $900. Plaintiff completed the work, and sues defendants for $400, balance due, crediting the defendants with a payment of $500. Defendants claim that this contract was void under the statute of frauds, in which the trial court concurred and dismissed the complaint, refusing to let the case go to the jury.

We think that the trial court erred. The plaintiff refused to complete the contract with Tuchman, through the completion of which the defendants would become the ultimate beneficiaries. In order to induce the plaintiff to continue and complete the work, defendants promised to pay the contract price therefor. While the antecedent debt existed in favor of plaintiff against Tuchman, the promise of the defendants to pay was an original promise, being founded upon a new consideration moving to and beneficial to them. It was an independent contract, inuring to the benefit of both plaintiff and defendants. The case comes clearly within the broad and general rules laid down in White v. Rintoul, 108 N. Y. 222, 15 N. E. 318, and di-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rectly within the decision of Sinkovitz v. Appelbaum, 56 Misc. Rep. 527, 107 N. Y. Supp. 122.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.