## LEVITT v. GRISWOLD et al.

(Supreme Court, Special Term, New York County. June, 1914.)

1. FRAUDS, STATUTE OF (§ 33*)—PROMISES TO ANSWER FOR DEBT OF ANOTHER —ORIGINAL PROMISE.

A promise by the officers of a corporation that if a contractor would release his mechanic's lien upon its property and complete the work, doing whatever defendants "should order done," they would personally pay him for all labor and material theretofore or thereafter furnished, was an original promise founded on a new consideration beneficial to the promisor, the plaintiff's original obligation having been enlarged by the words quoted, and was not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. § 33.*]

2. LIMITATION OF ACTIONS (§ 185*)—DEMURRER TO ANSWER—WHAT ADMITTED.

A separate defense of the statute of limitations, containing no denial of the complaint, must be taken as true on demurrer to such defense, though the answer also contains a general denial, as such denial is not a part of the separate defense.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 694; Dec. Dig. § 185.*]

Action by Philip Levitt against Irving H. Griswold and others. On demurrer to the separate defense of the statute of limitations in the answer. Demurrer sustained.

The complaint sets forth: That on or about November 21, 1912, plaintiff and the Windsor Construction Company entered into an agreement, wherein plaintiff agreed to make certain additions and alterations to the plumbing, drainage, and water supply of the Hotel Albany, Broadway and Forty-First street, borough of Manhattan, New York City, and in consideration thereof the Windsor Construction Company agreed to pay this plaintiff therefor the sum of $28,000. That after the plaintiff had partially done said work aforesaid, the Windsor Construction Company defaulted in making its payments to this plaintiff. That thereupon plaintiff refused to do any more work under said contract, and on July 30, 1913, duly filed a mechanic's lien in the New York county clerk's office against the Forty-First Street Realty Company and also these three defendants, who were the officers and persons interested in the completion of said work. That on September 7, 1913, the defendants entered into an oral agreement with plaintiff, wherein defendants agreed that they would personally pay this plaintiff for all labor and materials theretofore furnished and thereafter to be furnished under said contract, provided plaintiff would discharge of record said mechanic's lien so filed by him, and at once proceed to and complete his said contract. That this plaintiff, relying upon the defendants' promise to pay him as aforesaid, satisfied his mechanic's lien of record, and at once proceeded with said contract and finished same, and there is now due and owing thereon from the defendants to this plaintiff the sum of $5,200, which has not been paid. That the defendants were the real parties in said corporation, and were the corporation, and that the corporation was only a paper one, without money or means, and that the defendants were its financial backers, and put their money therein. The answers consisted of general denials and the statute of frauds.

Warren McConihe, of New York City, for plaintiff.

Hardy, Stancliffe & Whitaker, of New York City, for defendant Ruland.

Howard Hendrickson, of Albany, for defendants Griswold and Brush.

PENDLETON, J. This is a trial of two issues of law raised by plaintiff's demurrer to the separate defense of the statute of limitations by defendant Ruland and by defendants Griswold and Brush.

[1] The separate defense is defective in substance. Not only are the allegations of the complaint sufficient to show that a benefit moved to defendants by the completion of the work, but plaintiff released his mechanic's lien and proceeded to do such work as *"defendants or their architect should order done."* This appears to be a distinct enlargement of plaintiff's obligation under his original contract with the Windsor Construction Company. Defendants' promise was therefor an original promise founded on a new consideration beneficial to the promisor, and is not within the statute pleaded. Schwoerer & Sons, Inc., v. Stone, 130 App. Div. 796, 115 N. Y. Supp. 440, affirmed 200 N. Y. 560, 93 N. E. 1116; White v. Rintoul, 108 N. Y. 222, 15 N. E. 318; Cooper & Polak Structural Iron Works v. Rosing et al. (Sup.) 147 N. Y. Supp. 241; Kleinman v. Auerbach, 82 Misc. Rep. 436, 143 N. Y. Supp. 1033.

[2] It is true the answer contains a general denial, but this is no part of the separate defense, and on this demurrer the complaint must be taken as not denied. Berg v. Bates, 153 App. Div. 12, 137 N. Y. Supp. 1032; Schattmen v. Maze Realty Co., 150 App. Div. 559, 135 N. Y. Supp. 47; Douglas v. Coonley, 156 N. Y. 521, 51 N. E. 283, 66 Am. St. Rep. 580.

Demurrer sustained, with leave to defendant to serve an amended answer within 30 days on payment of costs on demurrer. Order signed and filed.