WINDSOR CONST. CO. v. RULAND et al.

(Supreme Court, Special Term, New York County. June, 1914.)

1. FRAUDS, STATUTE OF (§ 33*)—PROMISES TO ANSWER FOR DEBT OF ANOTHER —ORIGINAL OR COLLATERAL PROMISE.

A promise by the officers and backers of a corporation to pay a building contractor for all work theretofore or thereafter done for the corporation, in reliance upon which the contractor did not file a mechanic's lien, as threatened, and completed the work, also doing extra work at the promisors' request, constituted an independent original promise, founded on a new consideration moving to the promisors, and was not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50– 53, 56; Dec. Dig. § 33.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 214*)—ANSWER—ADMISSIONS.

    Allegations of the complaint, not denied in the separate defense in the answers, must be taken as true on demurrer to such defense.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. PLEADING (§ 214*)—DEMURRER—ADMISSIONS—CONCLUSIONS.

    An allegation of a separate defense in the defendant's answers, that the promise sued on was a promise to answer for the debt of another, was not admitted by plaintiff's demurrer to such defense, as it was a mere conclusion.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

Action by the Windsor Construction Company against Irving Ruland and others. On plaintiff's demurrer to defendants' separate defense of the statute of frauds. Demurrer sustained.

The complaint sets forth that a corporation, Forty-First Street Realty Company, entered into a contract with the plaintiff to furnish labor and materials for the alteration of the Hotel Albany, Forty-First street and Broadway, borough of Manhattan, New York City, for which the said corporation agreed to pay plaintiff $12,000, provided the building did not cost more than $90,000; that, after the plaintiff had partially performed its work under said contract, the corporation failed to make payment as in said contract provided, whereupon the plaintiff refused to perform any more work or furnish materials, and threatened to file a mechanic's lien against said premises; that thereupon the defendants, who were the officers and interested in said corporation, agreed to pay this plaintiff for all work done up to that time, and for all work to be thereafter done; that the defendants were the real parties in said corporation, and were the corporation, and that the corporation was only a paper one, without money or means, and that the defendants were its financial backers and put their money therein; that the plaintiff, relying upon the defendants' promise to pay it as aforesaid, resumed and completed its work on said premises, and did not file a mechanic's lien for same, and duly performed all the conditions of said contract, and did extra work at the defendants' request; and judgment is asked for $40,434.01. The answers consisted of general denials and statute of frauds.

Warren McConihe, of New York City, for plaintiff.

Hardy, Stancliffe & Whitaker, of New York City, for defendant Ruland.

Howard Hendrickson, of Albany, for defendants Griswold and Brush.

PENDLETON, J. [1, 2] This is a trial of two issues of law raised by plaintiff's demurrer to the separate defense of the statute of frauds in the answer of defendant Ruland and in the answers of the defendants Griswold and Brush. The separate defense is defective in substance. The allegations of the complaint, not being denied in the separate defense, must be taken as true, and it appears therefrom that defendants' promise was an independent original promise, quite different from the Forty-First Street Realty Company's promise, founded on a new consideration moving to defendants, and therefore not within the statute. Schwoerer & Sons, Inc., v. Stone, 130 App. Div. 796, 115 N. Y. Supp. 440, affirmed 200 N. Y. 560, 93 N. E. 1116; White v. Rintoul, 108 N. Y. 222, 15 N. E. 318; Cooper & Polak Struc-

tural Iron Works v. Rosing et al. (Sup.) 147 N. Y. Supp. 241; Kleinman v. Auerbach, 82 Misc. Rep. 436, 143 N. Y. Supp. 1033.

[3] Defendant urges that the allegation of the separate defense, that the promise was a promise to answer for the debt, etc., of another, is admitted as a fact by the demurrer. The allegations of fact in the complaint, which stand admitted for the purpose of this trial of the issue of law (Berg v. Bates, 153 App. Div. 12, 137 N. Y. Supp. 1032; Schattman v. Maze Realty Co., 150 App. Div. 559, 135 N. Y. Supp. 47; Douglas v. Coonley, 156 N. Y. 521, 51 N. E. 283, 66 Am. St. Rep. 580), show that it was an independent original promise with a new consideration, and in view thereof it is apparent that the allegation in the separate defense to the effect that the promise was a promise to answer for the debt, etc., of another is a conclusion, and, being a conclusion, it was not admitted by the demurrer. If defendant, as part of the separate defense, had denied the allegations of the complaint referred to, a different question would have been presented.

An answer almost identical with the one here was held demurrable in Kleinman v. Auerbach, 82 Misc. Rep. 436, 143 N. Y. Supp. 1033. Calling it a promise to answer for the debt of another does not make it so. Under our system of pleadings, facts are to be alleged. Here the complaint alleged a promise to do a great deal more than the Forty-First Street Realty Company had promised to do, and the consideration was the doing by plaintiff of a great deal more than it had undertaken to do in its contract with the Forty-First Street Realty Company. To bring the promise within the statute, it was necessary to deny these facts. The effect of their admission by not denying could not be destroyed by saying it was a promise to answer for the debt of another, when the facts admitted show it could not be.

Demurrer sustained, with leave to defendant to serve an amended answer within 30 days on payment of costs of demurrer. Order signed and filed.