HERMAN SCHMIDT, Plaintiff, v. NORTH GERMAN LLOYD STEAMSHIP
COMPANY, Defendant.

Supreme Court, New York County, December 14, 1927.

Judgments — bar of causes of action — satisfaction of judgment against
one joint tort feasor bars prosecution of second action against other
tort feasor.

Plaintiff who prosecuted to judgment, which was duly satisfied, an action which
he commenced against one of two joint tort feasors in a District Court of the
United States, cannot now prosecute a second action against the other tort
feasor, for, while there may be several suits for a single injury, and even several
recoveries, there can be but one satisfaction.

MOTION for judgment on pleadings on ground that prior judgment
against joint tort feasor has been satisfied.

*Alfred W. Andrews*, for the defendant, for the motion.

*Emanuel Friedman*, for the plaintiff, opposed.

LEVY, J.   An action was commenced against one of two joint
tort feasors in the District Court of the United States and prosecuted
to judgment which was duly *satisfied*.   The present action was
brought against the other of the tort feasors in this court.   The
defendant now moves for judgment on the pleadings, it appearing
from plaintiff's reply that the fact of the judgment and *satisfaction*
in the other forum is deemed to be admitted.   Plaintiff, in
opposition, argues that the termination of a suit against one of two
joint tort feasors, whether successful or otherwise, cannot be a
bar to another separate suit against the joint tort feasor.   In this
he is evidently in error for while there may be several suits for
a single injury and even several recoveries, there can be but one
*satisfaction*.   (*Woods* v. *Pangburn*, 75 N. Y. 495, 498.)   The rule
at common law undoubtedly was that a party receiving injuries
from the wrongful acts of others, was entitled to but one satis-
faction and that a general release or other complete discharge by
the voluntary act of the party injured, of one or more joint tort
feasors, was a discharge of all.   (*Knickerbacker* v. *Colver*, 8 Cow.
111; *Livingston* v. *Bishop*, 1 Johns. 290; *Ruble* v. *Turner*, 2 Hen. &
Mumf. 38; *Bronson* v. *Fitzhugh*, 1 Hill, 185.)   But this rule has
apparently been somewhat relaxed by the decision of our Court
of Appeals in *Walsh* v. *N. Y. C. & H. R. R. R. Co.* (204 N. Y. 58),
at the same time unequivocally indicating at page 62 that " while
there may be many perpetrators of a wrongful act, each of whom
is separately liable, yet the act and its consequences are indivisible

and the injured person is, therefore, limited to a single satisfaction." (See, also, *Berg* v. *Bates*, 153 App. Div. 12.)

Obviously, there has been such a *satisfaction* in this situation by one of the tort feasors, and the other must be held to be discharged as a result.

The motion for judgment on the pleadings is granted. Settle order.