(99 App. Div. 131)          REISLER et al. v. SILBERMINTZ.

(Supreme Court, Appellate Division, First Department.   December 9, 1904.)

1. BUILDING CONTRACTS—ORIGINAL PROMISE—STATUTE OF FRAUDS.

Plaintiffs held a subcontract under S. to do certain ironwork for defendant, who accepted an order drawn by S. for the amount due plaintiffs, conditional on the performance of the contract by S., who thereafter abandoned the contract, whereupon defendant orally agreed to pay plaintiffs the whole value of their work in consideration of their finishing the same. *Held,* that defendant's promise so to pay was an original undertaking, and not within the statute of frauds.

2. SAME—CONSIDERATION.

Plaintiffs not being bound, by defendant's acceptance of the contractor's order, to complete the work at all hazards after defendant had released the original contractor, their agreement to go on and finish the work constituted a sufficient consideration for defendant's promise to pay.

3. SAME—EXCLUSION OF EVIDENCE—HARMLESS ERROR.

Where defendant's liability to subcontractors turned on the relations of such contractor and defendant, as determined by an accepted order on defendant for payment, or by a new and independent promise by defendant to such subcontractors, the exclusion of evidence as to whether plaintiffs were asked to go to the office of an attorney where the order was executed, if error, was harmless.

Appeal from Trial Term, New York County.

Action by Nathan Reisler and another against Rachel Silbermintz. From a judgment in favor of plaintiffs, and from an order denying defendant's motion for a new trial, she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Saul Bernstein, for appellant.
Joseph Wilkenfeld, for respondents.

PATTERSON, J.   This action was brought to foreclose a mechanic's lien, but was not sustained in that form, and it eventually was tried and determined as one to recover on a contract to pay for work and labor done and materials furnished by the plaintiffs to the defendant, Silbermintz, in connection with certain alterations to a building in the city of New York belonging to her.   The allegations of the complaint should be considered in connection with the object for which the action was originally instituted. There are averments leading up to the right of the plaintiffs to enforce a lien, some of them not necessary to a claim on a mere money demand, but there is sufficient alleged in the complaint to support such an action.   It is set forth that the defendant Rachel Silbermintz, and one Jacob Sweetman, in May, 1901, entered into a contract by which Sweetman was to build and erect additions and alter the building referred to, and that thereafter, and about the 14th of May, 1901, the plaintiffs entered into an agreement with him, wherein and whereby they contracted to do the ironwork and furnish the materials therefor in and about the building, in accordance with plans and specifications, and that he agreed to pay them the sum of $340 therefor;  that on the 26th of June Rachel

Silbermintz agreed to pay to the plaintiffs, according to the direction or order of Sweetman, $340, and the order was accepted by her, but only upon condition that Sweetman would comply with the terms and conditions of his agreement with her, and on the further condition that sufficient funds would be in her hands; that thereafter, and after the acceptance of the order, Sweetman abandoned his contract, and that thereupon Rachel Silbermintz agreed to and with the plaintiffs that they should perform all the work, labor, and services, and furnish all the materials, required of them, and for such work, labor, and materials so to be furnished she agreed to assume the contract between Sweetman and the plaintiffs, and to pay them the sum of $340 as consideration therefor; that between June and October, 1901, the plaintiffs, at the special instance and request of Rachel Silbermintz, performed the work and labor and furnished the materials, in value $340, no part of which has been paid. The answer of Mrs. Silbermintz puts in issue the material allegations of the complaint, but sets up the making of a contract between herself and Sweetman by which he was to do all the work of alterations and repairs for a sum of money specified; that in June she and Sweetman entered into a contract for extra work and materials; that the work and labor done and the materials furnished by the plaintiffs in and about the premises were done and furnished by them under and pursuant to a contract with Sweetman; that on or about the 26th of June, 1901, Sweetman delivered to her an order in favor of the plaintiffs for the payment of $340, which she accepted conditionally, provided that the contract between Sweetman and herself should be fully complied with and the work thereunder be fully completed, and that no part of Sweetman's work should be abandoned for any period of time, and that there should be sufficient funds in her hands at the time of the completion to meet and pay the above-mentioned and all other orders on and accepted by her.

The proofs introduced at the trial authorized the jury to find that the plaintiffs did the work and furnished the materials, the value of which they sought to recover, and that Sweetman abandoned the contract in an early stage of attempted performance; that after such abandonment the defendant, Silbermintz, through her husband, her admitted agent, entered into a new arrangement with the plaintiffs by which, in consideration of their going on and completing their work, she promised to pay them the whole value thereof. The verdict of the jury having established these facts, the propositions of law now presented and urged by the appellant are the following: First, that the plaintiffs are not entitled to recover because the only obligation assumed by the defendant, Silbermintz, was to answer for the debt, default, or miscarriage of another, and her contract, not being in writing, is unenforceable under the statute of frauds; second, that there was no consideration for the promise made by the plaintiffs, even if, as matter of fact, it were made.

As the facts are made to appear, the plaintiffs' promise was an original one. White v. Rintoul, 108 N. Y. 227, 15 N. E. 318; Raabe

v. Squier, 148 N. Y. 81, 42 N. E. 516; Merserau Co. v. Washburn, 6 App. Div. 404, 39 N. Y. Supp. 664. Up to the time of the acceptance of the order for the payment of moneys to the plaintiffs by the defendant, Mrs. Silbermintz, on her contract with Sweetman, the only original contract relations of parties as to the ironwork were such as existed between Sweetman and the plaintiffs. The promise she made by the acceptance of that order was only to pay among other conditions, in case Sweetman did not abandon his contract. The plaintiffs did not bind themselves, by her acceptance of the order, to go on and complete their work and furnish their materials under all conditions and at all hazards. When Sweetman actually abandoned his contract, and, as the evidence also shows, was released from it by Mrs. Silbermintz, they were under no obligation to proceed further in the matter. By the abandonment and release, the source from which they could be paid by Sweetman was cut off. The situation then was, according to the evidence, that the defendant, Silbermintz, made the new arrangement with the plaintiffs that, if they would go on and finish their ironwork, she would pay them for the whole work. That was an original promise founded upon a consideration of benefit to herself, namely, the performance of the work and the furnishing of the materials, which the plaintiffs were under no obligation to furnish to her except as they came under it by way of a new promise to pay them. That this was a good consideration, not only for the work to be done and the materials furnished after the new promise, but for that which had been antecedently furnished, is established by the cases cited. All the arrangements existing between the parties, arising upon the order for the payment of money, were displaced and superseded by the new arrangement.

During the trial, evidence was taken concerning the execution and acceptance of the order for the payment of money by Mrs. Silbermintz, and it appeared that the order was executed at the office of her attorney. The defendant's counsel, on cross-examination, asked the witness Sweetman who sent for him to go to the office of the attorney, and whether he (Sweetman) asked the plaintiffs to go to the office of the attorney with reference to these matters, and those questions were ruled out. It is now urged that the court should have required the witness to answer them. It was not material error, if error at all, to exclude the evidence. The whole case turns upon the relations of the plaintiffs and the defendant, Silbermintz, being determined by the order, or by an entirely new and distinct and independent promise based upon a sufficient consideration.

The judgment and order appealed from should be affirmed, with costs. All concur.