UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, *v.* GEORGE S. SCHAUER COMPANY ET AL.

[No. 10,304. Filed April 6, 1920.]

INDEMNITY.—*Contracts.—Consideration.—Principal and Surety.—* A bond of indemnity to a surety on a municipal construction bond for liability caused by its assent to the assignment of the contract involved and its agreement to continue as surety for the assignee, is supported by sufficient, continuing consideration, since the surety thereby assumed a new risk by the substitution of a new principal.

From Marion Superior Court (98,865) ; *John J. Rochford,* Judge.

Action by the United States Fidelity and Guaranty Company of Baltimore, Maryland, against the George S. Schauer Company and another. From the judgment rendered, the plaintiff appeals. *Reversed.*

*Pickens, Moores, Davidson & Pickens,* for appellant.
*Thomas D. McGee,* for appellees.

NICHOLS, C. J.—The complaint in this cause avers in substance that appellant was a surety company and authorized to transact business in this state. On September 20, 1912, the Reliable Construction Company

172    APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc. *v.* Geo. S. Schauer Co.—73 Ind. App. 171.

entered into a written contract with the city of Indianapolis to construct a local sewer in Cornelius avenue, and that said construction company, as principal, and appellant, as surety, executed a construction bond, conditioned among other things that said principal would faithfully comply with the conditions of its contract, including the obligation to pay any and all moneys due to any person or persons furnishing material to be used in the construction of said improvements. On October 28, 1912, said construction company for a consideration executed its written assignment of said contract with the city to appellee George S. Schauer Company, which assignment was accepted on said day, and the Schauer company agreed to be bound by the terms and conditions of said contract. On said day appellant consented to execute its written assent to the assignment and on said day the city consented and approved such assignment. On October 28, 1912, said Schauer company and the testatrix, Mary E. Zimmer, for a good and sufficient consideration, executed to appellant a written indemnity contract, which, omitting acknowledgment, is as follows:

"Indianapolis, Indiana, October 28, 1912.

"Whereas on September 20, 1912, a certain contract was entered into between the Reliable Construction Company and the City of Indianapolis, by the terms of which the said Reliable Construction Company agreed to construct a local sewer in Cornelius Ave. from Maple Road to 44th Street under Improvement Resolution No. 6877 for the consideration and upon the conditions stated in said contract;

"And whereas the United States Fidelity and Guaranty Company of Baltimore, Maryland, is surety upon the bond given to secure the faithful performance of said contract, which bond is in the penal sum of eight thousand one hundred nineteen dollars forty cents, ($8,119.40) ;

"And whereas said Reliable Construction Com-

NOVEMBER TERM, 1919.    173

U. S. Fidelity, etc. *v.* Geo. S. Schauer Co.—73 Ind. App. 171.

pany has defaulted in the performance of said contract and is unable to proceed with and complete the work covered thereby;

"And whereas said contract, for value received, has been assigned to George S. Schauer Company, which company has assumed all the obligations of said contract and has agreed to proceed with the construction of said sewer under the terms of said contract, and to complete the same with despatch;

"And whereas said George S. Schauer Company has requested said United States Fidelity and Guaranty Company to continue as surety upon the bond guaranteeing the performance of said contract, as aforesaid, which the said United States Fidelity Company has consented to do;

"Now therefore, in consideration thereof, the said George S. Schauer Company, as principal and Mary E. Zimmer, as surety, hereby indemnify and agree to save harmless the said United States Fidelity and Guaranty Company from any and all loss and damage and expense of whatsoever description, including court costs and attorneys' fees, which the said United States Fidelity and Guaranty Company may sustain by reason of its continuance as surety upon said bond.

"And the said George S. Schauer Company, and Mary E. Zimmer, as surety, hereby agree to reimburse the United States Fidelity and Guaranty Company for any and all loss and damage or expense of whatsoever description, including court costs and attorneys' fees which the said United States Fidelity and Guaranty Company may sustain by reason of its continuance as surety upon said bond.

"George S. Schauer Company.
By George S. Schauer, Pres.
Mary E. Zimmer."

Said Schauer company became indebted to divers persons and companies, for which indebtedness judgments were rendered in due course of law against said Schauer company and appellant, as its surety, in the total sum of $29,444.80, and appellant was compelled to, and did, pay the total amount of said judgments. That in the defense of the actions out of which said judgments

174 · APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc. *v.* Geo. S. Schauer Co.—73 Ind. App. 171.

grew, appellant incurred attorneys' fees and other expenses in the total sum of $500. Due notice was given to the testatrix, Mary E. Zimmer, of the commencement of each of said actions, but in each case she failed to come into court and defend. There was a demand for judgment in the sum of $4,000.

Appellee Schauer company answered by general denial and made no contest, has not disputed the judgment taken against it, and is not resisting the present appeal. The defendant Mary E. Zimmer now represented by her executor, Joseph F. Zimmer, demurred to the complaint for want of facts, which presented the question as to whether there was any consideration for the indemnity bond sued on, in view of the then present liability of the appellant upon the bond given by it for the performance of the same contract by another obligor. This demurrer was overruled and thereupon said defendant answered in three paragraphs, the first being a general denial; the second, no consideration; and the third, that her signature to the bond was procured by fraudulent representation.

The case was put at issue by a reply and denial. Thereafter and before trial, the defendant Mary E. Zimmer died, and appellee as her executor, was substituted. Change was taken from the Hon. Linn D. Hay, of Marion Superior Court, and the cause was tried by a jury before the Hon. John J. Rochford, regular judge of such superior court. At the conclusion of the appellant's evidence appellee Zimmer moved the court to direct a verdict in his favor, which motion was sustained, and the jury was instructed to return a verdict for the appellant as against appellee Schauer company in the sum of $4,050, and in favor of appellee Jos. F. Zimmer as against appellant. Judgment was rendered on the verdict, and, after motion for a new trial which was overruled, this appeal.

The only error assigned is the ruling of the court in overruling appellant's motion for a new trial. The grounds of the motion which are presented are that the verdict is not supported by sufficient evidence; that the verdict is contrary to law; error of the court in directing the jury to return a verdict in favor of appellee Jos. F. Zimmer, executor of the last will of Mary E. Zimmer. There was evidence in proof of all of the averments of the complaint. A demurrer to the complaint had been overruled. If this ruling, which was made by the first judge to whom the cause was submitted, was correct, then the action of the judge who presided at the trial in directing a verdict was error, and the ruling of the court in overruling the motion for a new trial was error.

It is contended by appellee that the indemnifying bond was executed without consideration. He rests his contention upon the proposition that appellant's agreement to continue on the construction bond was a promise to do something which it was already bound to do, and as such it was no consideration for the indemnifying bond; and further, that the indemnity bond, not being contemporaneous with the original obligation and constituting the inducement thereto, was not binding for the guaranty of an obligation already contracted; that with no new consideration it was of no force. As it seems to us, appellee misapprehends the whole transaction. The city of Indianapolis contracted with the Reliable Construction Company for the construction of the sewer involved, and the bond executed by appellant was for the faithful performance of that contract. When the original contractor failed to complete the work, it is true that appellant was bound as a surety to see that the same was completed according to the terms of the contract; but it was not bound to accept the Schauer company as principal, nor was it bound for any loss that might be sustained by an assignment of the contract to

any person or company to whom it had not consented. It was itself privileged to complete this work, without consent to the assignment of the contract to anyone. By completing the work it might have lost and might not, but, whether it might or not, it is certain that by consenting to an assignment to some other person, with an agreement to continue on the construction bond, it assumed the liability to be injured by the mismanagement of such other person as the assignee of the contract. Appellee contends that the consideration was a past consideration, but, as it seems to the court, the consideration was a continuing one, appellant agreeing to continue upon the bond for the benefit of appellee Schauer company, and this was a sufficient consideration for the execution of the indemnifying bond. *Carroll* v. *Nixon* (1842), 4 Watts & S. (Pa.) 517, 525. Whether appellant would have lost or not had it seen fit to complete the work itself, or had it consented to an assignment to another, it is certain that it did lose by the assignment to appellee Schauer company, and by the failure of such appellee to complete the work and discharge its liability. There was clearly an assumption of a new risk by the appellant when it consented to continue its bond as to the appellee Schauer company, and such assumption was a valid consideration for the indemnifying bond. *Reisler* v. *Silbermintz* (1904), 99 App. Div. 131, 90 N. Y. Supp. 967; *Andre* v. *Graebner* (1901), 126 Mich. 116, 85 N. W. 464. The assignment of the contract by the Reliable Construction Company to the appellee Schauer company, and the acceptance thereof by said Schauer company, and the assent thereto by the city of Indianapolis, was in effect an execution of a new contract with the Schauer company, and by implication released the old. It was the substitution of a new principal, and this was a sufficient consideration for the indemnifying bond. *Robinson* v. *Bullock* (1880), 66 Ala. 548; *Coyner*

v. *Lynde* (1858), 10 Ind. 282; *Kiler* v. *Wohletz* (1909), L. R. A. 1915B, note 18.

The verdict as directed by the court was not supported by sufficient evidence; hence the court erred in overruling the motion for a new trial. For this error the judgment is reversed, with instructions to grant a new trial.