■ IDA W. SPAULDING, Respondent, v FRANK J. BENENATI, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered June 4, 1981 in Sullivan County, which, *inter alia,* granted plaintiff's motion to dismiss the third defense in defendant's answer based on nonsaleable good will, and denied defendant's cross motion for partial summary judgment on that ground. Plaintiff's husband died leaving his entire estate, including his dental practice, to plaintiff. On July 14, 1972, the parties contracted for the installment sale of the practice for the gross amount of $11,000, with the sum of $4,000 apportioned to the purchase of the deceased's good will. Subsequent to defendant's default in making certain monthly installment payments, plaintiff commenced this action for breach of contract. In response to plaintiff's motion to dismiss the third defense set forth in the answer alleging that "good will" of a deceased professional is not a saleable asset, defendant cross-moved for partial summary judgment dismissing so much of the complaint as sought recovery on that ground. Special Term granted plaintiff's motion to dismiss the third defense and denied defendant's cross motion. This appeal by defendant ensued. The paucity of recent case law or authoritative articles passing upon or discussing the good will value of a deceased professional's practice doubtless is due to the acceptance by both the Bar and Bench of the view that saleable good will can only exist in commercial or trade enterprises and cannot arise in a professional business which depends upon the personal skill of and confidence in a particular person. Such skills cannot survive the professional's death and any value inhering in the de-

ceased's reputation ceases to exist (*Matter of Martin,* 178 Misc 43; 25 NY Jur, Good Will, § 7, pp 218-219; see *Weiner v Weiner,* 88 Misc 2d 920). Contracts involving multiple promises are enforceable, even though one of the bargained for promises is void, so long as the remaining promises are sufficient consideration for what was given in exchange (1 Williston, Contracts [3d ed], § 134, p 566; § 137A, p 594; Restatement, Contracts 2d, § 80, pp 204-205). Thus, had the instant contract involved the sale of both the assets and good will of the deceased's dental practice in exchange for an undivided sum of money, the entire contract would be enforceable (cf. *Reisler v Silbermintz,* 99 App Div 131). However, where, as here, the contract is divisible and the portion of the entire consideraton which was exchanged for the nonexistent asset of good will can be ascertained, that portion is unenforceable. Thus, since plaintiff's opposing affidavits failed to raise issues of fact warranting denial of defendant's cross motion for partial summary judgment (CPLR 3212, subds [b], [e]), the relief should have been granted. Order modified, on the law, by reversing so much thereof as granted plaintiff's motion dismissing the third defense in defendant's answer and denied defendant's cross motion for partial summary judgment; the third defense is reinstated and partial summary judgment is granted to defendant on that portion of the complaint which seeks to recover $4,000 for the sale of good will; and, as so modified, affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.