### SCHATTMAN v. MAZE REALTY CO.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. PLEADING (§ 139*)—COUNTERCLAIM—DEFENSE.

A breach of covenant of a lease by the lessee constitutes, to the extent of the lessor's damages therefrom, a defense to an action by the lessee for a deposit, made by him with the lessor as security for rent and faithful performance of the covenants, to be returned, at termination of the lease, provided the lessee had complied with all the covenants and conditions of the lease; and does not constitute a cross-demand, which must be set up as a counterclaim.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 287; Dec. Dig. § 139.*]

2. PLEADING (§ 87*)—ANSWERS—DEFENSES.

Facts stated in the complaint need not be realleged in a defense thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 180; Dec. Dig. § 87.*]

Appeal from Trial Term, New York County.

Action by Joseph Schattman against the Maze Realty Company. From a judgment on a verdict directed for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles E. Travis, of New York City, for appellant.
Jacob Schattman, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J. On the 14th of September, 1909, the defendant and one Moses Harlam entered into an agreement, whereby the former as landlord leased to the latter as tenant certain premises for the term of 10 years. Pursuant to certain provisions of the lease and subsequent modifications thereof, the tenant deposited with the landlord the sum of $2,000 to be held as security for the rent and the faithful performance of the covenants of the lease, which, at the termination of the lease, was to be returned to the tenant provided he had complied "with all the covenants and conditions of said lease." The lease contained a provision that it might be assigned to a corporation if one should be formed for the purpose of taking over and continuing the business of the lessee. Pursuant thereto, the Sagamore Garage Company, a corporation, was organized, and with the consent of the landlord the lease and all the right, title, and interest of the lessee in and to the said sum of $2,000 was assigned to it. In March, 1911, the said corporation was dispossessed for nonpayment of rent. This suit was brought by its assignee, and the recovery was for said sum of $2,000, less the sum of $583.33 rent for March, 1911, and $284 for water rent, with interest. The lease provided that the landlord should alter or reconstruct the premises so as to render them suitable for use as an automobile garage in accordance with plans mutually agreed upon, that the tenant should make necessary repairs and should have the right to make certain alterations, "provided that said repairs, alterations and installments be made without injury to the structure of the building." As a defense, the defendant alleged that the plaintiff's assignor failed and neglected to comply with the terms, conditions, and covenants of the lease, in that it caused certain structural changes and alterations described to be made, without the knowledge or consent of the defendant, which rendered the building insecure and dangerous, and that the cost of making the necessary alterations, repairs, and improvements, thus necessitated, was the sum of $1,875. That defense was stricken out, and a verdict was directed for the plaintiff for the amount claimed.

[1] It is urged in support of the ruling of the learned trial court that the matters pleaded in defense should have been averred by way of set-off or counterclaim within the rule under our present system of pleading that a cross-claim or demand must be set up as a counterclaim. Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 324, 88 N. E. 395. But that rule does not apply where the matter relied upon is strictly a defense in whole or in part to the plaintiff's cause of action. The defendant pleaded a breach of the covenant to secure which the deposit was made. He did not rely upon a cross-demand arising upon some collateral or independent matter. The money was to be returned only in the event that the terms, covenants, and conditions of the lease were complied with. A breach, therefore, of such covenants, constituted a defense to the extent of the damages sustained by the defendant thereby. Scott v. Montells, 109 N. Y. 1, 15 N. E. 729.

[2] It is also asserted that the defense is insufficient for not being complete within itself, by which is meant, if I understand the argu-

ment, that the defense should state all of the facts upon which the right of the defendant to retain the deposit depended; e. g., the term of the lease, its assignment to the Sagamore Garage Company, the latter's entry into possession thereunder, and the like. But it was not necessary to reallege the facts stated in the complaint. The defense is pleaded to those facts, and the rule is familiar that they are to be taken as admitted in determining the sufficiency of the defense.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.