SAMUEL ROSEN, Plaintiff, Respondent, *v.* PHILIP SUFFIN, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, January — Filed February, ·1924.

Landlord and tenant — deposit for faithful performance of lease — when retention of part of deposit deemed an attempt to enforce a penalty — rule as to security clause in lease — pleadings — complaint failed to allege full performance of lease on tenant's part — when complaint deemed bad.

Where a lessee has made a deposit as security for faithful performance of his lease the attempt of the lessor to retain any part of the deposit in excess of his actual damage is an attempt to enforce a penalty.

Where it is obvious on the face of the lease that the deposit was not intended to bear any proximate relationship to the damage to the lessor occasioned by any breach of the lease by the lessee, the security clause will be construed as allowing the lessor to retain the deposit until the lessee shall have shown that he is entitled to the return of all of it, if he fairly performed, or to such part of it as does not represent actual damage to the lessor if the lessee shall not have fully performed.

The lessee in an action to recover the full amount of his deposit must allege and prove that the defendant is not entitled to retain any part of it to reimburse himself for any damage caused by the default of the plaintiff.

While the complaint in such an action alleged that plaintiff had paid the rent in full it neither alleged nor referred to compliance by him with the other terms of the lease. The answer, after certain denials, by way of defense alleged the breach by plaintiff of several covenants of the lease and stated as a legal conclusion that by reason of such breaches the plaintiff was not entitled to the return of the deposit. The amended answer then alleged by way of counterclaim that by reason of plaintiff's failure to perform in the respects stated defendant was obliged to and did expend a certain sum, for which he demanded judgment. Upon plaintiff's motion to strike out the denials for not being in proper form to create issues and to strike out the defense as insufficient, the defendant attacked the complaint for insufficiency because of failure to allege

complete performance on the part of plaintiff. The court held that the complaint was good and that the defense was bad. Upon reversing the order of the court below, *held*, that while the defense was not bad for the reason assigned by the court below, it was unnecessary because it contained matter provable under denials; that the complaint, in the absence of an allegation that plaintiff had in all respects fully performed the lease on his part, was bad.

APPEAL from an order of the City Court of the city of New York, striking out the first defense, together with certain denials, contained in the amended answer.

*Meyer Levy*, for appellant.

*Stone & Schleimer (Max Schleimer*, of counsel), for respondent.

MULLAN, J. The lease held by plaintiff from defendant expired, and (in his first cause of action) plaintiff sues to recover the amount of a deposit made by him " as security for the faithful performance of all terms, covenants and conditions in the (within) lease contained." The repayment portion of the deposit clause is as follows: " If, however, all terms, covenants and conditions are fully complied with, then in that event the said security shall be returned to the party of the second part (plaintiff) at the expiration of this lease, with interest thereon at the rate of three per cent per annum."

The plaintiff alleged in his complaint that he had paid the rent in full, but did not allege, or refer to, compliance with the other terms of the lease agreement. In his answer the defendant, after making certain denials, alleges, by way of defense, several breaches by plaintiff of covenants (failure to repair, failure to comply with orders of the municipal authorities, etc.) and states as a legal conclusion that, by reason of such breaches, the plaintiff is not entitled to the return of the security; and he then alleges, by way of counterclaim, that, by reason of plaintiff's failure to perform in the respects stated, defendant was obliged to, and did, expend a certain stated sum, for which he demands judgment.

The plaintiff moved for an order striking out the denials, for not being in a form proper to create issues, and striking out the defense as insufficient; and the defendant in turn assailed the complaint for insufficiency for not containing allegations showing complete performance on the plaintiff's part. The learned justice below held that the complaint was good, and that the defense was bad, and he struck out the defense and the denials that were objected to.

It is now settled that the attempt of a lessor to retain such part of a sum so deposited as security, as may be in excess of the lessor's actual damage, must be regarded as an attempt to enforce a penalty. *Seidlitz* v. *Auerbach*, 230 N. Y. 167. The lease here, set

out in full in the complaint, contains as did that in the *Seidlitz* case, numerous covenants on the lessee's part, of varying degrees of importance, making it obvious that the deposit was not intended to bear any proximate relationship to the damage to the lessor occasionable by any breach or breaches by the lessee. Upon its face, therefore, as matter of law, the security provisions were not wholly enforcible. The extent of their enforcibility is, I think, shown by the holdings and opinions in *Scott* v. *Montells*, 109 N. Y. 1; *Chaude* v. *Shepard*, 122 id. 397; *Caesar* v. *Rubinson*, 174 id. 492, and *Schottman* v. *Maze Realty Co.*, 150 App. Div. 559, from which, and other authorities, it will be seen that while the penalty feature is void the security feature remains, and that the security clause as a whole is to be construed as allowing the lessor to retain the deposit until the lessee shall have shown that he is entitled to the return of all of it, if he fully performed, or to such part of it as does not represent actual damage to the lessor, if the lessee shall not have fully performed. Accordingly, should he seek a return of the entire deposit, he must show by his pleading and proof that the lessor is not entitled to retain any part of it with which to reimburse himself for any damage caused by the lessee's default or defaults, while if he should seek a return of a part of the deposit, he must plead and prove the extent of his own default or defaults, his pleading and proof being governed by practice similar to that adopted in suits by builders who have substantially performed. See *Spence* v. *Ham*, 163 N. Y. 220. It is true that in *Schattman* v. *Maze Realty Co.*, *supra*, it was said that the lessor defendant should employ a defense upon which to base his assertion of the lessee's non-performance. The question there considered was, however, whether that assertion of non-performance should be rested upon a defense (the so-called " affirmative defense "), or upon a counterclaim, and the holding was that the lessor's position was defensive merely, and that a counterclaim was not proper. Counsel in that case seemingly did not bring before the court the point as to whether the defensive proof was destructive of the plaintiff's case, or whether it confessed the plaintiff's case, and then avoided it. If we are right in placing the burden on the plaintiff lessee, it necessarily follows, as a matter of pleading, that the lessor's defensive proof is destructive in character, and is thus admissible under denials. Mr. Justice Miller, who wrote in the *Schattman* case, cited, as authority for the proposition that the lessor's proof was defensive, the case of *Scott* v. *Montells*, *supra*, in which the Court of Appeals said that the lessor's proof, under a security provision like that here, goes " to destroy or diminish the amount of the plaintiff's cause of action." The word " diminish "

was, quite manifestly, not used as a term of confession and avoidance, but was intended to refer to a partial destruction.

In his complaint the plaintiff characterized the provisions quoted as intended to secure the defendant against the non-payment of rent, and against no other breach, and his counsel contended that that characterization, plus the allegation that the rent was paid in full, was a sufficient showing of the right to recover the deposit in full; and it was upon that theory that the decision below was made, holding that the complaint was good and that the defense was bad. The argument is untenable, for the reason that the characterization referred to was not only a conclusion of law, but an obviously incorrect conclusion. The defense was not bad, therefore, for the reason assigned by the learned trial justice, but it was unnecessary for the other reason I have referred to, i. e., because the matter it contains is destructive in character and thus is provable under denials; while the complaint should have been held bad for being a claim for the entire deposit, without containing an allegation that plaintiff had in all respects performed.

Order reversed, with ten dollars costs, and motion denied, with leave to plaintiff to amend the complaint within six days from service of order entered hereon upon payment of said costs.

BIJUR and LYDON, JJ., concur.

Ordered accordingly.