WELLESLEY RICHARDS and CHARLES PEIXOTTO, Plaintiffs, Respondents, *v.* EDWARD W. BROWNING, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 11, 1924.

Landlord and tenant — action for return of $1,800 deposited by plaintiffs as security for performance of covenants of lease — plaintiffs removed from premises by defendant's vendee in summary proceeding for non-payment of rent — answer alleged assignment of deposit to vendee with " knowledge and consent " of plaintiff and failure of plaintiff to perform covenants in lease — court cannot assume all breaches of covenants of lease occurred after defendant parted with title — judgment for plaintiffs reversed.

An order and judgment in favor of the plaintiffs entered upon the pleadings pursuant to Rules of Civil Practice, rule 112, in an action for the return of $1,800 deposited by the plaintiffs as security for the performance by them of all covenants in a lease, should be reversed, where it appears that the plaintiffs were removed from the premises by the defendant landlord's vendee in summary proceedings for the non-payment of rent; that the defendant's answer alleged an

assignment of the deposit to the vendee with the "knowledge and consent" of the tenants as well as the failure of the plaintiffs to perform covenants in the lease by reason of their failure to pay rent and keep the premises in repair, since the court cannot assume, without specific allegations in the complaint, that the breaches of the covenants of the lease all occurred after the defendant had conveyed the premises.

APPEAL by defendant from an order and judgment of the City Court of the city of New York, entered upon the pleadings under rule 112 of the Rules of Civil Practice.

*David Bernstein,* for the appellant.

*Abraham H. Sarasohn,* for the respondents.

*Per Curiam.* The complaint alleges a lease by defendant to plaintiffs October 15, 1919, for ten years and the deposit by plaintiffs of $1,800 security for the performance by them of all the covenants of the lease; that about January 1, 1923, defendant conveyed the premises and about March 14, 1923, the vendee obtained a final order in dispossess against plaintiffs for nonpayment of about one-half of the February and all of the March, 1923, rent; that plaintiffs, prior to the making of said final order, had fully performed all the terms of the lease except as to. the payment of the above two amounts. It is also claimed that the vendee collected the March rent from undertenants, and that the only amount due from plaintiffs is $145.83 balance of the February, 1923, rent. The answer denies a number of the allegations and specifically the one as to the plaintiffs' full performance of all the terms and conditions of the lease. As a separate defense it alleges that at the time of the conveyance March 21, 1922, defendant assigned the security of $1,800 to the vendee with plaintiffs' "knowledge and consent." As a second separate defense defendant alleges that plaintiffs have failed to perform covenants of the lease by failure to pay the two items of rent referred to; by failure to keep the premises in repair; to pay water taxes due January 1, 1923, and by failure to paint the fire escapes, etc., as provided in the lease.

Respondents in their brief dispose of the denials of the allegation of the complaint that plaintiffs had duly performed all the covenants of the lease by the bald statement that plaintiffs' cause of action is complete without those allegations. That, however, is an erroneous statement of the law. *Scott* v. *Montells,* 109 N. Y. 1; *Schattman* v. *Maze Realty Co.,* 150 App. Div. 559; *Rosen* v. *Suffin,* 122 Misc. Rep. 469; *Reznick* v. *South Side Const. Co.,* 166 N. Y. Supp. 748. We cannot assume that the breaches of plaintiffs' covenants, even as specified in the separate defense, all occurred after defendant had parted with title. This in itself completely disposes of respond-

ents' contention that there were no liabilities of the plaintiffs which preceded defendant's conveyance of the premises. Were the motion made under rule 113 of the Rules of Civil Practice, this issue, which is not clearly defined by the pleadings, might be disposed of.

Respondents' brief apparently also proceeds on the theory that since, as decided in *Mauro* v. *Alvino,* 90 Misc. Rep. 328, the obligation to return the deposit does not run with the land and the defendant is consequently liable for its return, while the covenants for due performance do run with the land, the defendant has since March 21, 1922, parted with the benefit of those covenants. Consequently, they argue the lease having terminated plaintiffs were entitled to the return of the security.

Respondents also undertake to dispose of the further holding of the *Mauro Case, supra,* that since the benefit of the covenant of a surety does run with the land, the defendant grantor is bound to give his grantee the benefit of the security during the continuance of the lease, by the claim that in the *Mauro* case (and the cases to which it refers on this branch) the lease was in full force when the action was brought and not terminated as in the present case by dispossession or otherwise. That argument, however, does not dispose of breaches of covenants by the plaintiffs which may have occurred intermediate the date of defendant's conveyance of the property and the order to dispossess, shown by the pleadings to be a whole year.

Order and judgment reversed, with costs, and motion denied, with ten dollars costs.

All concur.