WELLESLEY RICHARDS and Another, Appellants, v. EDWARD W. BROWNING, Respondent.

First Department, December 18, 1925.

Landlord and tenant — action by tenant to recover money deposited with landlord as security — lease was assigned by landlord and thereafter tenant was dispossessed — assignment discharged tenant from liability to original landlord which accrued thereafter — landlord cannot claim damage based on breach after assignment — no liability against tenant for failure to paint and repair, since landlord did not create liability by proper demand — security was penalty and did not pass with assignment of lease.

A tenant who deposited money as security for the performance of a lease may recover the same from the landlord, where it appears that after the lease was executed the landlord assigned it to a third person who subsequently dispossessed the tenant, since the assignment of the lease discharged the tenant from any liability to the original landlord which accrued thereafter, and the landlord does not make claim to damages arising out of a breach prior to the assignment.

No liability exists on the part of the tenant for failure to comply with the provision in the lease requiring him to repair the premises and to keep them in good repair, since the clause in the lease required the original landlord to make proper demand on the tenant to do the painting and repairing and that in case he did not do so the landlord would have the right to paint and repair and to hold the tenant liable for the obligation, and since it further appears that the landlord did not make demand or do any painting or repairing.

The provision in the lease for security constitutes a penalty and the amount of the security did not pass with the assignment to the new landlord.

FINCH, J., dissents.

APPEAL by the plaintiffs, Wellesley Richards and another, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 11th day of November, 1924, reversing a judgment of the City Court of the City of New York in favor of the plaintiffs. (See 123 Misc. 871.)

*Abraham H. Sarasohn,* for the appellants.

*Thomas G. Prioleau,* for the respondent.

McAvoy, J.:

The defendant on October 15, 1919, executed a lease to plaintiffs of certain premises for the period of ten years from November 1, 1919, and received from plaintiffs $1,800 as security for the performance by them of the terms and covenants of the lease. The defendant on March 21, 1922, conveyed the leased premises and all his right, title and interest in and to the lease to a corporation. The corporation grantee obtained a final order in summary proceedings against plaintiffs on March 14, 1923, for the possession

of the leased premises for failure of plaintiffs to pay rent amounting to the sum of $491.66, being the sum of $345.83, the rent for the said premises for the month of March, 1923, and $145.83, balance of rent for the month of February, 1923; and pursuant to said final order the corporate grantee took possession of the demised premises, and plaintiffs' rights and interests under the lease were thereby terminated.

The defendant set up no counterclaim or offset, and the answer does not allege any specific damage that occurred to defendant prior to his conveyance of the property; and because of this state of the pleadings the learned Special Term of the City Court granted plaintiffs' motion for judgment on these pleadings, which judgment was entered for the sum of $1,800, the full amount of the deposit.

We find this decision of the City Court based upon correct rules of law.

It is unquestioned that the final order in summary proceedings and the surrendering possession of the demised premises by plaintiffs pursuant thereto terminated all the rights and interests that plaintiffs had in and to said premises by virtue of said lease, and the lease thus expired. It is equally firmly held that the defendant's conveyance of the demised premises and the assignment of his rights and interest in the lease discharged plaintiffs of any liability upon the said lease to the defendant accruing after the date of said assignment and conveyance.

The answer sets out no claim for damage in either the first or second defense arising prior to the conveyance of the premises by defendant to another. All such damages arising from any breach of the covenants of the lease set forth in the answer are by their dates expressly fixed at times after the transfer of the land and the assignment of defendant's rights and interest in the lease. The answer here sets forth as items of damage sustained by defendant through the alleged failure of plaintiffs to perform the terms and covenants of the lease, the non-payment of $345.83 rent for the month of March, 1923, the non-payment of $145.83, balance of rent for the month of February, 1923, and the failure to pay water taxes due January 1, 1923, which sums of money were not debts due from plaintiffs to defendant, who no longer had any right to rent or interest in the payment of water taxes, but payment of these sums was due solely to the defendant's grantee to whom the demised premises were conveyed and the lease assigned on March 21, 1922.

In *Seidlitz* v. *Auerbach* (230 N. Y. 167) the rule is established. A lessor may not claim for any damages arising out of any breach

of a covenant that occurred after the lessor parted with title to the demised premises. The opinion of the Court of Appeals on this aspect of the cause recited: " But when the landlords transferred their reversion to Stern, all privity of estate between them and the lessee was ended and their rights to enforce agreements on the part of the lessee not broken at the time ceased. No longer might the landlords hold her liable for deficiency between agreed rentals thereafter accruing and the amount obtained on reletting. All damages to which they were entitled were damages for breaches of the agreement already accrued."

With regard to the covenant to repaint the premises and to keep them in good repair, the lease expressly provided that in the event of a failure on the part of plaintiffs to paint the fire escapes and all outside iron, metal and woodwork of said building at the times therein specified, or in the event of failure on the part of plaintiffs to keep the premises in good condition and repair, the defendant should give notice to plaintiffs to do such painting and make such repairs, and upon the neglect or refusal of plaintiffs to do the said work within ten days after receiving such notice, the defendant had the right to do the said painting and repairs himself and charge the cost of so doing as so much additional rent to be paid on the first day of the following month. Under this provision of the lease, the failure of plaintiffs to do any of the painting or repairs required thereby does not entitle the defendant to retain this deposit as damages for such failure. Without an allegation of the giving of the notice required by the lease, and without any allegation of any indebtedness incurred by defendant as a result of plaintiffs' failure to do this painting and make these repairs, there is no defense set out by way of a breach of that covenant.

We think it is the true rule that the provision for security is a penalty, that the amount of the security does not go with the land, and that after the transfer of the property there was no right to recover damages remaining in the defendant excepting for such breaches of the lease as arose prior to such transfer.

The judgment of the City Court was correct and the determination of the Appellate Term should, therefore, be reversed and the judgment of the City Court affirmed, with costs in this court and in the Appellate Term.

CLARKE, P. J., DOWLING and BURR, JJ., concur; FINCH, J., dissents.

Determination appealed from reversed and judgment of the City Court affirmed, with costs and disbursements to the appellants in this court and in the Appellate Term.