TEKANE REALTY CO., INC., Respondent, *v.* EDELO REALTY COR-
PORATION, Appellant.

Supreme Court, Appellate Term, First Department, February 26, 1926.

Landlord and tenant — action by tenant to recover deposit as security
for performance of covenants of lease — tenant removed from premises
leaving monthly rental unpaid — tenant precluded from claiming full
amount of deposit, where it subsequently consented landlord might
deduct accrued rent — existence of tenement house violations after con-
veyance of property by lessor not bar to plaintiff's recovery of deposit.

In an action by a former tenant of defendant to recover the sum of $1,500 deposited
as security for the performance of certain covenants of a lease of premises, said
tenant is precluded from claiming the full amount of said deposit where it
appears that subsequent to its removal from the premises, with the rent for the
last month of the term remaining unpaid, plaintiff consented in its answer in
the landlord's action to recover the amount of the rent plus damages for breach
of a covenant to repair, that the landlord might deduct from the amount of the
deposit the amount of the rent remaining unpaid; therefore, a judgment for the
plaintiff for the amount of the deposit should be modified by reducing the
amount thereof to a sum predicated upon the amount of the deposit less the
amount of the accrued rent.

The existence of tenement house violations on the demised premises after the con-
veyance of the property by the lessor, violations which under the covenants of
the lease the tenant was required to have removed, is not a bar to the recovery
of the balance of the deposit.

APPEAL by defendant from judgment of the City Court of the
City of New York entered on verdict directed for the plaintiff.

*Harden & Hess* [*William L. Crawford* and *Harold B. Elgar* of
counsel], for the appellant.

*Joseph & Demov* [*Jacob S. Demov* of counsel], for the respondent.

LYDON, J.  Action brought by a former tenant of the defendant
to recover the sum of $1,500 deposited as security for performance
of the covenants of the lease of the demised premises.

The lease was made by the defendant as landlord to Samuel
Evans and Samuel Fisher as lessees, and they subsequently assigned
the lease and the deposit to the plaintiff.  The lessor after such
assignment conveyed the premises to one Kafka, turning over the
deposit at the same time to the grantee, and Kafka subsequently
conveyed the premises and transferred the deposit to Tashman,
the present owner.

Upon the expiration of the term of the lease October 1, 1924,
the plaintiff moved from the premises leaving the September rent
unpaid.  Thereafter Tashman brought suit in the Supreme Court

against the lessees and the plaintiff to recover damages for the breach of covenants in the lease requiring the premises to be kept in good repair and obligating the lessees to remove tenement house violations, and also to recover $733.34, the amount of the September rent. The complaint in that action, which is still pending, alleges that " plaintiff has applied $733.34 of said $1,500 to pay said rent leaving a balance out of said $1,500 to be applied on the said above damages; " and the answer of the defendants in said action (the plaintiff in this action and the lessees being the defendants therein and serving a joint answer) denied material allegations of the complaint " excepting that they admit that on October 1st, 1924, there was due to the defendants the sum of $1,500, the amount deposited as security under the lease, and that the plaintiff is entitled to deduct therefrom the sum of $733.34 rent for the month of September, 1924."

At the close of the testimony defendant's counsel asked for the withdrawal of a juror so as to allow the defendant to move at Special Term that Tashman, the present owner, be brought in as a party defendant. The court denied the motion, " on the assurance of Mr. Joseph, counsel for plaintiff, that whatever recovery may be obtained by the present owner of the property against the plaintiff in this action for any violation of the lease will be personally guaranteed by him up to the sum of $1,500."

Thereupon, on plaintiff's motion, the court directed a verdict for plaintiff for $1,552.50, the amount of the deposit with interest, and from the judgment entered thereon defendant appeals.

The plaintiff herein (a defendant in the Supreme Court action) having consented that the present owner deduct one month's rent, amounting to $733.34, from the deposit of $1,500 in payment of the rent for the last month of the term during which it remained in possession of the demised premises, cannot be permitted after such appropriation to recover the full amount of the deposit from the lessor, defendant herein.

This leaves for consideration the question whether the existence of tenement house violations on the demised premises after the conveyance of the property by the lessor — violations which under the covenants of the lease the tenant was required to have removed — was a bar to the recovery of the balance of the deposit.

In *Seidlitz* v. *Auerbach* (230 N. Y. 167) the tenant was dispossessed in summary proceedings by defendants, grantees of the reversion subject to the lease, and such grantees thereafter transferred the property without any reference to the lease, and the court said (at p. 175): " When the landlords [defendants] transferred their reversion to Stern, all privity of estate between them

and the lessee was ended and their rights to enforce agreements on the part of the lessee not broken at the time ceased. No longer might the landlords hold her liable for deficiency between agreed rentals thereafter accruing and the amount obtained on reletting. All damages to which they were entitled were damages for breaches of the agreement already accrued." The court accordingly decided that the tenant was entitled to recover from the defendants, to whom the deposit had been transferred by the prior owner, the amount of the deposit less the rent due at the time of the dispossession.

In *Richards* v. *Browning* (214 App. Div. 665) the complaint alleged that defendant made a written lease to plaintiffs of the premises described therein for the term of ten years commencing November 1, 1919; that plaintiffs deposited with defendant the sum of $1,800 to secure performance of all the terms and covenants of the lease, said deposit to be returned to the lessees at the expiration of the lease if plaintiffs fully performed all the terms and covenants thereof; that the defendant on or about January 1, 1923, thereafter conveyed the premises to Edbro Realty Co., Inc., and that said company on or about March 3, 1923, brought summary proceedings against the plaintiffs for non-payment of the rent for February and March, 1923, in which proceedings a final order was duly made awarding possession of the premises by reason of said default in the payment of the rent; that pursuant to said final order the plaintiffs gave up possession to said grantee, and said grantee took and retained possession of the premises; that plaintiffs up to the making of the final order in the summary proceeding had fully performed all the covenants of the lease except that they had not paid the February and March rent; and that prior to the beginning of the action plaintiffs demanded from the defendant, the original lessor, payment of the $1,800 deposited as security under the lease, no part of which has been paid.

The answer denied performance by plaintiff of the covenants of the lease; alleged that on or about March 21, 1922, it had conveyed the premises to the Edelo Realty Co., Inc., and at the same time assigned to said company the said deposit of $1,800, " all of which was done with the knowledge and consent of the plaintiffs; " and further alleged the breach of the covenants of the lease by plaintiffs' failure to pay the rent for February and March, 1923, also breach of the covenant to keep the premises in good condition and to pay the water taxes due January 1, 1923.

The Appellate Division held that the plaintiff was entitled on the pleadings to judgment for the amount of the deposit with interest.

In the light of the above decision the defendant in this action disclosed no defense to the demand of the plaintiff for so much of the deposit as remained after payment therefrom to its landlord of the sum of $733.34 for rent for September, 1924, the last month of the term.

It follows that the judgment must be modified by reducing the amount thereof to the sum of $766.66, with interest, and as modified affirmed, without costs.

All concur; present, GUY, WAGNER and LYDON, JJ.