LILLIAN EHRHART, Appellant, *v.* FRANCES HAT SHOP, INC., Respondent.

Supreme Court, Appellate Term, First Department, April 30, 1931.

*Leon London*, for the appellant.

*Nathan Hubbard Stone* [*Hyman J. Fliegel* of counsel; *Benjamin H. Schwartzman* on the brief], for the respondent.

PER CURIAM. Plaintiff, a former tenant of defendant, sues to recover a sum of money deposited under the lease " as security for the full and faithful performance by the tenant of all the terms, covenants and conditions upon the tenant's part to be performed, which said sum shall be returned to the tenant after the time fixed as the expiration of the term herein, provided the tenant has fully and faithfully carried out the terms, covenants and conditions on his part to be performed."

Plaintiff's allegation of performance is denied by the answer, which pleads certain defenses and counterclaims. It is not claimed that the money may be retained as liquidated damages.

In accordance with the prior decisions of this court (*Rosen* v. *Suffin*, 122 Misc. 469; *Reznick* v. *South Side Const. Co.*, 166 N. Y. Supp. 748), in which it was held that plaintiff in such a case as this to recover the full amount of the security must show by his pleading and proof that the lessor is not entitled to retain any part of the deposit, the learned referee ruled that the plaintiff, as a part of her case, was required to show performance of the conditions of the lease on her part, and in the absence of such proof the complaint was dismissed.

Following the *Rosen* case this court in *Richards* v. *Browning* (123 Misc. 871) reversed a decision of the City Court granting judgment on the pleadings for the amount of the security deposited by the plaintiff tenant therein, the answer in the *Richards* case denying plaintiff's allegation of performance and pleading defenses to the return of the security. Our determination in the *Richards* case was reversed by the Appellate Division (214 App. Div. 665), that court affirming the judgment awarded the plaintiff on the pleadings and stating in its opinion (p. 666) that the decision of the City Court was " based upon correct rules of law." (See *Tekane Realty Co., Inc.*, v. *Edelo Realty Corp.*, 126 Misc. 680; *Markman* v. *451-455 Grand St. Corp.*, 168 N. Y. Supp. 522.)

It follows in this instance that performance of all the covenants of the lease is not a condition precedent to the return of the money deposited by the plaintiff, that the breach of a covenant and consequent damage can defeat only *pro tanto* the right to recover the deposit, and that the learned referee erred in dismissing the complaint.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, LYDON, LEVY and FRANKENTHALER, JJ.