Per Curiam.

The certification of the lower court that, at the end of the trial, in the courtroom, both sides orally stipulated to extend its time to render its decision and that such decision was rendered within the time so given is sufficient to establish such fact (Six East Corp. v. Vaughn, 122 N. Y. S. 2d 263). However, since the tenancy had come to an end and the plaintiff had vacated, it was entitled to the return of its security, notwithstanding that some rent was still due; the security was applicable to the payment of such rent and the balance of the security was returnable to plaintiff. It was, therefore, error to dismiss the first cause of action on the merits (Chaude v. Shepard, 122 N. Y. 397; Ehrhart v. Frances Hat Shop, 140 Misc. 50; Markman v. 451-455 Grand St. Corp., 168 N. Y. S. 522; Mercury Motors v. Boulevard Constr. Corp., 17 N. Y. S. 2d 979). Nor is the defendant entitled to double rent for the month of Februard, 1954. Aside from the doubt whether section 229 of the Real Property Law is applicable to statutory tenants (see Regan v. Fosdick, 19 Misc. 489, 491; Whitmarsh v. Farnell, 298 *506 N. Y. 336, 343), it is clear that the imposition here of double rent would result in the obtaining of rent in excess of that legally permissible under the emergency rent legislation. The latter must prevail over section 229 of the Real Property Law (Commercial Rent Law, § 14; L. 1945, ch. 315, as amd.; Matter of 609 Holding Corp. v. Burke, 202 Misc. 709, 715, affd. 281 App. Div. 678; McGuinn v. McLain, 225 N. C. 750; Jordan v. Moore, 239 Mo. App. 593; Myers v. Rust & Co., 134 F. 2d 417, 419). The defendant’s efforts to collect double rent under the Real Property Law did not, however, constitute a willful demand for rent in excess of the emergency rent laws so as to subject it to the forfeiture of one succeeding month’s rent (Commercial Rent Law, § 4, subd. 5; L. 1945, ch. 3, as amd.). The record justifies the amount allowed as counsel fees and the determination made with respect to the other causes of action alleged by plaintiff.
Accordingly plaintiff is entitled to judgment in the sum of $279.33 representing its security deposited in the sum of $1,166.66, less one month’s rent admittedly due to defendant and the counsel fees allowed, totalling $887.33.
The order denying the motion to vacate the judgment should be affirmed, without costs, and judgment reversed, with $30 costs, and judgment directed for plaintiff in the sum of $279.33, with costs.